# EXHIBIT "B"

Filed: 8/31/2021 2:17 PM
Ellen Jaggers,
District Clerk
Franklin County, Texas
By: Courtney Peugh

CAUSE NO. 12865

| | | |
|---|---|---|
| TED WILLIAMS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | 62nd JUDICIAL DISTRICT |
| | § | |
| JERALD R. HALEY and | § | |
| DANNY HERMAN TRUCKING, INC., | § | |
| Defendants. | § | FRANKLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, TED WILLIAMS, hereinafter called Plaintiff, complaining of JERALD R. HALEY AND DANNY HERMAN TRUCKING, INC., hereinafter called Defendants, and for cause of action would show:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiffs intend discovery to be conducted under Level 3.

### II.
### PARTIES

2. Plaintiff, TED WILLIAMS (hereinafter "Plaintiff WILLIAMS"), is an individual and a resident of Arkansas.

3. Defendant, JERALD R. HALEY (hereinafter "Defendant HALEY"), is a resident of the State of Kentucky and can be served with citation pursuant to Texas Civil Practice and Remedies Code, §17.061 *et seq*. by serving J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483. The last three numbers of Defendant Haley's

Kentucky driver's license are 748. His social security number is unknown. **ISSUANCE OF CITATION IS REQUESTED.**

4. Defendant DANNY HERMAN TRUCKING, INC. (hereinafter "Defendant DHT"), is a California corporation which is registered to do business in Texas and can be served through its registered agent: Corporation Service Company D/B/A CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701. **ISSUANCE OF CITATION IS REQUESTED.**

## III.
## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Pursuant to TRCP Rule 47, the damages sustained by the Plaintiff exceeds the minimum jurisdictional limits of this Court. Plaintiffs seeks monetary relief of over $1,000,000.00.

7. This court has jurisdiction over the parties because Defendants committed a tort in Texas while operating a motor vehicle.

8. Venue in Franklin County is appropriate in this cause pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to the claims herein occurred in Franklin County, Texas.

## IV.
## FACTS

9. On or about August 14, 2020, Plaintiff WILLIAMS was traveling eastbound on Interstate 30, near mile marker 146, in Franklin County, Texas. Defendant HALEY was driving an 18-wheeled tractor trailer owned by Defendant DHT. Defendant HALEY was an employee of Defendant DHT and driving on behalf of Defendant DHT. Defendant HALEY changed lanes to his left when unsafe to do so, and crashed into Plaintiff WILLIAMS. Defendant HALEY failed to stop and render aid at the scene of the crash, and was stopped several miles down the highway by

motorists and law enforcement. Defendant HALEY was issued a citation for changing lanes when unsafe. This crash caused property damage and permanent, debilitating injuries to Plaintiff WILLIAMS.

## V.
## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT JERALD R. HALEY

10. At the time and on the occasion in question Defendant HALEY failed to exercise that degree of care and caution that should have been exercised by persons of ordinary prudence in the same or similar circumstances, and such faulty and evasive actions constituted negligence which proximately caused Plaintiff's loss, injuries and damages. More specifically, Defendant HALEY:

    A.    Failed to keep a proper lookout;

    B.    Failed to yield the right-of-way;

    C.    Failed to maintain a single lane of travel;

    E.    Failed to maintain a safe distance from Plaintiff's vehicle;

    F.    Failed to control his speed;

    G.    Failed to slow his vehicle;

    H.    Failed to timely apply his brakes;

    I.    Failed to turn, swerve, or otherwise maneuver to avoid the collision with Plaintiff WILLIAMS;

    J.    Failed to take reasonable precautions for Plaintiff WILLIAMS' safety;

    K.    Failed to operate his motor vehicle safely within the traveling lanes of the roadway;

    L.    Failed to maintain control of his motor vehicle; and

    M.    Failed to stop and render aid at the scene of the crash.

11. Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused Plaintiff's injuries, resulting in the damages below.

### PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT DANNY HERMAN TRUCKING, INC.

12. At all times material hereto Defendant HALEY, the operator of the Defendant DHT vehicle, was acting as an employee under the control of Defendant DHT in the scope and course of employment. Alternatively, if the operator of the Defendant DHT vehicle is determined to be an independent contractor of Defendant DHT, he was operating his tractor truck in furtherance of a mission for the benefit of Defendant DHT and subject to control by it as to the details of the mission. Defendant DHT is therefore responsible under the doctrine of respondeat superior as the employer of Defendant HALEY or, alternatively, control over him as a non-employee.

### PLAINTIFF'S CLAIM OF JOINT VENTURE AGAINST DEFENDANT DANNY HERMAN TRUCKING, INC.

13. Alternatively, if Defendant HALEY is determined to be an independent contractor, then based on the contractual nature between him and Defendant DHT, the two: (1) share a community of interest in that Defendant HALEY drove the commercial motor vehicle for the benefit of Defendant DHT, a business entity operating for profit; (2) agree to share profit; (3) have an agreement regarding losses; and, (4) have mutual right to control or management of the venture. Therefore, the negligence of Defendant HALEY is imputed to Defendant DHT based on the existence of a joint venture.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT GAINES COUNTY HARVESTERS, INC.

14. Defendant DHT is liable to Plaintiff for the negligent hiring, training, supervision,

and/or retention of Defendant HALEY.

15. Defendant DHT had a legal duty to hire, train, supervise, and/or retain competent employees. Defendant DHT also had a legal duty to terminate incompetent employees.

16. Defendant DHT breached its duties when it negligently hired, trained, supervised, and/or retained Defendant HALEY, who breached duties to Plaintiff WILLIAMS, which resulted in the injuries and damages detailed more fully below.

17. Defendant DHT's negligent acts directly and proximately caused injury to Plaintiff WILLIAMS, which resulted in Plaintiff's damages detailed below.

## VI.
## DAMAGES

18. As a direct and proximate result of the incident made the basis of this lawsuit, Plaintiff has incurred or will incur the following damages:

    A. Pain and suffering in the past and future;

    B. Mental anguish in the past and future;

    C. Physical impairment in the past and future;

    D. Medical expenses in the past and future;

    E. Loss of past and future earning capacity;

    F. Loss of companionship and society;

    G. Inconvenience;

    H. Loss of enjoyment of life; and

    I. Pre-judgment interest and post-judgment interest. TEXAS FINANCE CODE §304.001, et seq., and any other applicable law.

## VII.
## NOTICE OF USE OF DOCUMENTS PRODUCED

19. Pursuant to Texas Rule of Civil Procedure Rule 193.7, Plaintiff gives notice that all documents produced by Defendants may be used at any pretrial proceeding or at the trial of this case.

## VIII.
## NOTICE OF USE OF CONVICTIONS FOR IMPEACHMENT

20. Pursuant to Texas Rules of Evidence 609(f), Plaintiff gives notice that any criminal convictions against Defendants or any witnesses Defendants produce may be used at any pretrial proceeding or at the trial of this case for impeachment purposes as permitted in Texas Rule of Evidence 609.

## IX.
## PRAYER

21. WHEREFORE, Plaintiff prays that he have judgment against Defendants for the damages specified above; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

THE LAW OFFICES OF KELLY T. CURRAN

/s/Benjamin R. Julius
Benjamin R. Julius (SBN: 24074507)
5720 LBJ Freeway, Suite 440
Dallas, Texas 75240
(469) 730-3007/Telephone
(469) 458-2993/Facsmile
Email: ben@ktclawfirm.com
E-serve: ktclawfirm@gmail.com
E-Service@ktclawfirm.com

>ATTORNEYS FOR PLAINTIFF
>TED WILLIAMS
>DL 411 // SSN 937